**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| █████████████ o., Ltd, <br><br> Plaintiff, <br><br> v. <br><br> ████████████████████ <br><br> Defendants. | Case No. <br><br> **FILED UNDER SEAL PURSUANT TO SECTION LOCAL RULE** <br><br> **COMPLAINT** |

**COMPLAINT**

**FILED UNDER SEAL PURSUANT LOCAL RULE 26.2**

Plaintiff ███████████████████████████. ("Plaintiff") hereby brings the present action against the ████████████████████████rfani (collectively, "Defendants") and alleges as follows:

## I. INTRODUCTION

Plaintiff brings this action against the Defendants for the untrue complaints, business libel and malicious interference with business operation.

## II. PARTIES

1. Plaintiff ██████████████████████████ ("Plaintiff") is a Chinese company engaged in the business of manufacturing, distributing, and selling kitchenware products globally, including within the Northern District of Illinois, through its Amazon storefront under the name ████████" One of Plaintiff's key products is a ████████ kit, which includes a metal rack ("Plaintiff's Product").

1

2. Defendant ▮▮▮▮ is a limited liability company organized under the laws of ▮▮▮▮ ▮▮ ▮▮▮ ▮ ▮▮▮ ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Upon information and belief, Defendant ▮▮▮▮ the principal and controlling person of ▮▮▮▮ and is a listed co-owner of U.S. Design ▮▮▮▮▮▮▮ S ("the ▮ Patent").

### III. NATURE OF THE ACTION

3. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and 17 U.S.C. § 501 *et seq.*

4. This action also sues for Declaratory Judgment of Patent Invalidity and Noninfringement under 28 U.S.C. §2201(a) and 35 U.S.C. §102(a)(1).

5. In addition, this action sues for Tortious Interference with Business Relations or Prospective Economic Advantages.

6. Lastly, this action sues for Violation of Illinois Deceptive Trade Practices Act.

### IV. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C §1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a) in that the Defendants are entities or individuals subject to personal jurisdiction in this District, and this Court may properly exercise personal jurisdiction over Defendants. Each of the Defendants directly

targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce stores[1] operating listed on e-commerce platforms.

### V. GENERAL FACTS

10. The ▮▮▮ Patent, titled ▮▮▮▮▮▮ was filed on ▮▮▮▮▮▮▮▮ issued on ▮▮▮▮▮▮. However, the patented design lacks novelty and patentability, and is invalid under 35 U.S.C. § 102(a)(1), as substantially identical rack designs have been publicly sold in the U.S. marketplace by third parties since at least 2015—more than one year prior to the patent's filing date. Further factual and legal analysis of invalidity will be provided below.

11. Despite knowledge or reason to know that the ▮▮▮ Patent is invalid and not infringed, Defendants have repeatedly and maliciously filed baseless complaints with Amazon.com alleging infringement of the ▮▮▮ Patent by Plaintiff's Product. These complaints have resulted in the wrongful delisting and removal of Plaintiff's product listings, causing significant disruption to Plaintiff's business operations and reputational harm.

12. Amazon's IP complaint system allows rights holders to enforce their intellectual property by submitting facially valid certificates, such as the disputed U.S. design patent registration here. Upon receipt of such a complaint, Amazon typically removes or disables the accused product listings immediately, without prior notice to the seller. The affected inventory is frozen in Amazon's fulfillment centers, and the seller is rendered unable to fulfill orders or generate sales revenue from the impacted products. Although accused sellers are permitted to submit non-infringement analyses or rebuttal evidence, Amazon generally presumes the validity of facially effective patents and gives significant deference to the complainant's representations.

---

[1] The e-commerce store URLs are listed on Scheduled A hereto under the Online Marketplaces.

As a result, sellers often have no meaningful recourse through Amazon's internal procedures, and the takedowns remain in effect regardless of the merits of the infringement allegation.

13. On ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ submitted the first Amazon IP Complaint (ID 1▇▇▇▇▇▇▇), targeting Plaintiff's listing for ▇▇▇▇▇▇▇▇▇▇ A second complaint (ID ▇▇▇▇▇▇▇▇) followed on ▇▇▇▇▇▇▇, and was against ▇▇▇▇▇▇▇▇▇▇▇. Although the asserted design patent is invalid due to the existence of prior art, and no actionable infringement could exist as a matter of law, Defendants proceeded to file multiple Amazon IP complaints against Plaintiff.

14. In response, Plaintiff obtained independent legal analyses from two U.S. patent attorneys. ▇▇▇▇▇▇▇▇▇ issued a written non-infringement and invalidity opinion, concluding that the ▇▇ Patent is unenforceable. Amazon rejected this opinion on ▇▇▇▇▇▇▇▇. Subsequently, attorney ▇▇▇▇▇▇▇▇▇▇ issued a second opinion, also concluding that the design patent was invalid and not infringed. This opinion was likewise ▇▇▇▇▇▇▇▇▇▇.

15. On ▇▇▇▇▇▇, attorney ▇▇▇▇▇▇▇▇▇▇ sent a formal cease-and-desist and warning letter to ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇, outlining the lack of merits of their complaints and requesting the immediate withdrawal of the IP claims. The letter clearly demanded a response by ▇▇▇▇▇▇▇. Contrary to the claims later made by Defendants to Amazon, Plaintiff did respond appropriately and through legal counsel. Copies of the letter and correspondence are available as evidence.

16. Due to Defendants' false complaints, Amazon delisted Plaintiff's Products and scheduled disposal of over 1,000 ▇▇▇▇▇▇▇ held in Amazon's U.S. warehouse, valued at approximately $40,000 in total. Plaintiff managed to request a temporary postponement, extending

4

the disposal date from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The inventory remained unsellable throughout this period.

17. Defendants ultimately withdrew their complaints in ▇▇▇▇▇▇ and Plaintiff's listing was reinstated. However, on ▇▇▇▇▇▇▇▇, Defendant ▇▇▇▇▇▇ again filed a third Amazon IP Complaint (ID ▇▇▇▇▇▇), against the same ▇▇▇▇▇▇▇▇▇▇▇▇. In this complaint, Defendants alleged that Plaintiff's rack was a "patented article," and falsely claimed Plaintiff had been "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" These allegations are demonstrably false and contradict the documented communications sent to Defendants through counsel.

18. On information and belief, Defendants have been engaging in a systematic practice of abusing the design patent system and Amazon's intellectual property enforcement process to exclude competitors from the marketplace. Public records show that ▇▇▇▇▇▇ is also involved in enforcing another design patent, ▇▇▇▇▇▇, granted to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇, UK, through similar complaint tactics. In that instance, multiple sellers similarly faced takedowns despite the prior widespread commercial availability of the relevant product.

19. Over the past two years, Defendants have filed various design patent applications covering designs already in the public domain and used them to bring aggressive takedown actions against their competitors. Such conduct constitutes unfair competition, improper monopolization of the Amazon marketplace, and wrongful disruption of legitimate commercial relationships.

20. Plaintiff continues to suffer harm from Defendants' misconduct, including the current threat of product removal, unsellable inventory, reputational damage, and lost business relationships with Amazon and customers. Unless Defendants' conduct is enjoined, Plaintiff faces imminent and irreparable harm.

21. Plaintiff has operated its ▮▮▮▮▮ storefront on Amazon for multiple years, and has achied consistent sales and built a loyal customer base. Prior to Defendants' interference, Plaintiff enjoyed substantial daily sales and maintained a valid and ongoing business relationship with Amazon, with a reasonable expectancy of continued commercial success. Defendants had full knowledge of this ongoing relationship, given the visibility and scale of Plaintiff's listings and their repeated targeting of Plaintiff's specific ASINs.

22. Upon information and belief, Defendants' actions were intentional and calculated to disrupt Plaintiff's business. Despite having received multiple legal analyses and correspondence indicating that ▮▮▮▮▮ Patent was invalid and not infringed, Defendants continued to assert baseless claims under the color of a facially valid patent, exploiting Amazon's automated takedown system. Defendants' conduct constitutes an intentional and unjustified interference with the plaintiff's prospective economic advantage and ongoing contractual relationship with Amazon.

23. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered substantial economic harm. Plaintiff's store, which previously generated approximately five figure in daily revenue, has suffered cumulative lost profits totaling over $200,000 due to delisting, lost customer traffic, frozen inventory, and long-term reputational harm within the Amazon marketplace.

## COUNT I
## PATENT INFRINGEMENT
### (35 U.S.C. § 271)

24. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

25. Plaintiff is the owner of certain valid patent on Plaintiff's Products (hereinafter, "Asserted Patent"). Plaintiff's Asserted Patent is valid and enforceable.

26. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce, to distribute copies of, to display, and to authorize the creation of derivative works ▮ Patent.

27. Defendants, in violation of 35 U.S.C. § 271, have infringed Plaintiff's Asserted Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs. Defendants infringed directly and/or indirectly the ornamental design claimed in Plaintiff's Asserted Design Patent.

28. Defendants have infringed the Asserted Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm. Plaintiff is entitled to the entry of injunctions enjoining the Defendants from further infringing Plaintiff's patent rights, pursuant to 35 U.S.C. § 283.

29. Defendants have willfully and deliberately infringed the claims of the Asserted Patent. Defendant's infringement of the Asserted Patent is obvious, notorious, purposeful, and in disregard of and indifferent to the rights of Plaintiff. Defendants have no good faith basis that the Unauthorized Products do not infringe the Asserted Patent. The willful infringement, without regard to Plaintiff's patent rights, constitutes egregious and wanton conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

30. Defendants have profited by their infringement of the Asserted Patent. Plaintiff has suffered, and is continuing to suffer, damages as the Defendants' infringement of the Asserted Patent, and Plaintiff is entitled to compensation, including Defendants' profits, and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, and 289.

COUNT II

**DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT**
**(28 U.S.C. § 2201 et seq.)**

31. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32. Pursuant to 28 U.S.C. § 2201(a), "in a case of actual controversy within its jurisdiction…..any court of the United States…. may declare the rights and other legal relations of any interested party seeking any declaration."

33. Here, Plaintiff's Product and similar products were being sold as early as at least 2015 while Defendants' Patent was petitioned on October 12, 2022. Defendants' Patent should be declared invalid.

COUNT III

**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR PROSPECTIVE ECONOMIC ADVANTAGE**

34. Under Illinois Common Law, the four elements for Tortious Interference of Prospective Economic Advantage include (1) a valid business relationship or expectancy; (2) the defendant's knowledge of that relationship; (3) the intentional and unjustified interference; and (4) the resulting damage to the plaintiff.

35. Under *Fellhauer v. City of Geneva*, 568 N.E.2d 870 (Ill. 1991), it is generally recognized by the Illinois courts that to prevail on a claim for tortious interference with a prospective economic advantage, a plaintiff must prove: (1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge; (3) the purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff resulting from such

interference.

36. Based on the facts alleged above, Plaintiff has a valid claim of Tortious Interference with Business Relations or Prospective Economic Advantage.

## COUNT IV

## VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICE ACT

37. Pursuant to the Illinois Deceptive Trade Practices Act (DTPA), 815 ILCS 510/2, "a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: …. (8) Disparages the goods, services, or business of another by false or misleading representation of fact."

38. Based on the facts alleged above, Plaintiff has a valid claim of Tortious Interference with Business Relations or Prospective Economic Advantage.

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment against Defendants as to the alleged causes of action.
2. An order enjoining Defendants, their officers, agents, employees, affiliates, and all persons acting in concert with them from further acts of false complaints to Amazon, and further tortious interference with business relations;
3. An order directing any third-party platforms, including but not limited to Amazon, Alibaba, eBay, AliExpress, and similar providers, to reinstate and reopen any listings, advertisements, or sales channels operated by Plaintiff in connection with Plaintiff's

Products;

4. An order requiring Defendants to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which they have complied with the injunction;

5. An award of damages adequate to compensate Plaintiff for Defendants' wrongful facts;

6. Such other and further relief as the Court may deem just and proper.

Dated: May 8, 2025

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@aliothlaw.com
*Attorney for Plaintiff*